IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROLAND F. GUY                                                                                           PLAINTIFF

v.                                    Civil No. 6:23-cv-06089-SOH-CDC

CORPORAL JACOB ROSS, *et. al.*                                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on August 3, 2023. (ECF No. 2). It was transferred to this District on August 4. 2023. (ECF No. 5). Plaintiff was directed to file an Amended Complaint and did so on August 24, 2023. (ECF Nos. 8, 10). Plaintiff alleged claims for failure to protect and denial of medical care. (ECF No. 10).

On July 25, 2024, Defendants filed a Partial Motion for Summary Judgment concerning Plaintiff's failure to protect claim. (ECF No. 42). After receiving both an Order to Respond and a Show Cause Order for failing to do so (ECF Nos. 45, 46), Plaintiff filed his Show Cause Response on September 16, 2024. (ECF No. 48). He filed a Motion for Extension to submit his Summary Judgment Response on September 23, 2024. (ECF No. 50). This was granted on

September 24, 2024, setting the deadline for October 15, 2024.  (ECF No. 51).  He filed his Summary Judgment Response on October 17, 2024.  (ECF No. 53).

On January 6, 2025, the undersigned entered a Report and Recommendation which recommended that the Partial Motion for Summary Judgment be granted.  (ECF No. 54).  On March 5, 2025, Defendants entered a Motion for Leave to File a Dispositive Motion concerning the denial of medical care claim, with an extension of time to do so.  (ECF No. 61).  On March 11, 2025, the Partial Motion for Summary Judgment was granted.  (ECF No. 63).  Plaintiff's claim for denial of medical care remained for further review.  (*Id.*).  That same day, the undersigned entered an Order granting the Motion to Submit a Dispositive Motion regarding the denial of medical care claim.  (ECF No. 64).

On April 8, 2025, Defendants filed their Motion for Summary Judgment on the denial of medical care claim.  (ECF No. 65).  On April 9, 2025, the undersigned entered an Order directing Plaintiff to submit his Summary Judgment Response by April 30, 2025.  (ECF No. 68).  On May 5, 2025, Defendants submitted a Notice indicating that Plaintiff had failed to submit his Summary Judgment Response.  (ECF No. 69). The undersigned then entered a Show Cause Order directing Plaintiff to show cause for his failure by May 28, 2025.  (ECF No. 70).  Neither of these Orders was returned as undeliverable.  To date, Plaintiff has failed to submit either a Summary Judgment Response or a Show Cause Response.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to

>monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 10) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **3rd day of June 2025**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE